UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

File No.: _____

Stacey Pribyl,

                      Plaintiff,

v.                                              **COMPLAINT**

LCM Pathologists, P.C.,

                      Defendant,

_____

Plaintiff, for her complaint against the defendant, states and alleges that:

1. Jurisdiction of the above-named Court is based upon diversity of citizenship between plaintiff and defendant; plaintiff is a citizen and resident of the State of Minnesota; defendant is a citizen and resident company of the State of South Dakota; plaintiff's claims against defendant exceed Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

2. That all times material herein, plaintiff Stacey Pribyl ("Pribyl") was a resident of the City of New Ulm, County of Brown, State of Minnesota.

3. Defendant LCM Pathologists, P.C., is a professional corporation, incorporated and existing under the laws of South Dakota, with its main place of business located in Sioux Falls, South Dakota.

4. That at all times material herein, defendant maintained an office at 304 Belle Avenue in Mankato, Minnesota, in which employees of LCM Pathologists provided various clinical, cytology and anatomical pathology services.

5. That on or about November 7, 2001, plaintiff, then age 29, began receiving her annual physical exams at New Ulm Medical Center located in New Ulm, Minnesota. That on said date, a Papanicolaou ("Pap") smear was taken by plaintiff's treating physician, and sent to defendant's clinic in Mankato, Minnesota, for cytology interpretation. That defendant's employees interpreted the November 2001 pap cytology as within normal limits.

6. That thereafter, plaintiff underwent Pap smears on December 3, 2002; December 15, 2003; March 1, 2004; December 21, 2004; December 21, 2005; and June 26, 2006.

7. That all of plaintiff's pap smears were interpreted by either cytotechnologist or physician employees of defendant LCM.

8. That the December 15, 2003 pap smear was interpreted by cytotechnologist H. M. Sokologski, employee of defendant LCM, as showing atypical squamous cells. Said specimen was subsequently evaluated by Eric Evans, MD, employee of LCM, as showing atypical squamous cells.

9. That at the recommendation of her treating physician, Pribyl underwent a repeat Pap smear on March 1, 2004 that was interpreted on March 11, 2004 by LCM cytotechnologist employee D. L. Streich as negative for intraepithelial lesion or malignancy.

10. That said Pap smear taken on March 1, 2004 and reported on March 11, 2004 was not interpreted by a physician pathologist.

11.   That on or about December 21, 2004, Pribyl underwent a Pap smear that again revealed atypical endocervical cells and which was interpreted by LCM employee physician B. D. Gatlin, M.D.

12.   That on or about December 21, 2004, Pribyl's Pap smear was again interpreted as showing atypical endocervical cells and further action was recommended including, but not limited to, a repeat Pap smear, HPV testing, and/or colposcopy as clinically indicated.

13.   That Pribyl's treating physician thereafter ordered Human Papilloma Virus testing (HPV) which was performed on January 7, 2005 and interpreted by LCM employees as negative for both low and high risk HPV.

14.   That on or about December 21, 2005, Pribyl underwent a repeat Pap smear that was interpreted by LCM cytotechnologist employee D. L. Streich as negative for intraepithelial lesion or malignancy and no further evaluation was recommended.

15.   That on or about June 26, 2006, Pribyl was diagnosed as having invasive moderately well differentiated adenocarcinoma of the endocervix.

16.   That following diagnosis of Pribyl's endocervical cancer, her treating physician, B. D. Gatlin, M.D. of New Ulm Medical Center Clinic, requested that LCM reinterpret all of Pribyl'splaintiff's Pap smears.

17.   That by letter dated July 5, 2006, directed to Dr. Gatlin, pathologist E. Evans, M.D.; D. Gremel, M.D.; and a cytotechnologist (identity unknown) concluded that the December 21, 2004 Pap smear slide also revealed epithelial cell abnormality and atypical

3

endocervical cells and that the report should have contained a suggestion of a possible neoplasm (malignancy) and should have recommended repeat Pap smear or colposcopy.

18.    That the secondary review by LCM employees further concluded that, "the December 21, 2005, Pap smear should have reported an epithelial cell abnormality and that the report should have recommended biopsy."

19.    That defendant LCM employee cytotechnologist and physician pathologists' care and treatment of Stacey Pribyl failed to conform to the accepted standard for similarly trained cytotechnologists and pathologists, including, but not limited to, the following:

   a.    Failing to correctly interpret and identify the presence of atypical endocervical cells which could represent reactive atypia or neoplasm on plaintiff's December 10, 2003 Pap smear;

   b.    Failing to identify atypical glandular cells in the December 2003 and March 2004 Pap smears and to advise plaintiff's treating physician that the possibility of malignancy was present; and

   c.    Failing to recommend to plaintiff's treating physician that further evaluation be undertaken in December 2004, given plaintiff's abnormal Pap smear in December 2004.

20.    As a result of the negligence of the employees of the defendant, Stacey Pribyl was not diagnosed with endocervical carcinoma until on or about June 26, 2006, at which time the cancer had invaded the cervix resulting in the recommendation that Pribyl undergo a radical abdominal hysterectomy with removal of lymph nodes which was performed on July 17, 2006. As a result of the delayed diagnosis of the endocervical cancer, Pribyl

sustained serious and permanent injuries to her mind and body, including, without limitation, the necessity for a radical hysterectomy as opposed to surface treatment of the cervix which would have been available to Pribyl had the cancer been diagnosed before it became invasive; had to undergo post-operative radiation therapy, as well as post-operative chemotherapy; developed complications resulting from the radiation therapy, as well as chemotherapy, including, but not limited to pneumonia and urinary tract infections; experienced physical side effects of said radiation therapy some of which are permanent in nature; incurred medical and hospital expenses in an amount which cannot be assessed, but which are estimated to be in excess of $100,000.00; has lost earnings in the past and may have loss of earning capacity in the future; and has a shortened life expectancy, all to her damages in an amount in excess of $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant, as follows:

1. For compensatory damages in an amount in excess of $1,000,000.00;

2. For her costs and disbursements herein;

3. For such other relief as the Court deems just and equitable.

Dated: March3, 3008            HANSEN, DORDELL, BRADT, ODLAUG
                               & BRADT, P.L.L.P.


                               By __s/Mary Kay Kolar_____
                                  Mary Kay Kolar                13725X
                               Attorneys for Plaintiff
                               3900 Northwoods Drive, Suite 250
                               St. Paul, MN  55112-6973
                               651/482-8900

**PLAINTIFF DEMANDS A 12-PERSON JURY.**

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded, pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

                                                ____s/Mary Kay Kolar_____
                                                Mary Kay Kolar